## POTT vs. THE SUPERVISORS OF SHEBOYGAN COUNTY.

1. *Construction of Statutes : Effect of statute without repealing clause upon prior conflicting statutes.*

2. *Repeal of statute — Effect of, upon executory contract entered into under such statute.*

Chapter 22, Laws of 1859, and chapter 71, Laws of 1862, authorize each county treasurer to cause the delinquent tax of his county to be published in some newspaper printed in the county ; and they fix the fees. Chapter 560, Private Laws of 1866, authorized the supervisors of Sheboygan county to contract for all county printing relating to taxation in that county, at any sum less than that allowed by said general statutes. In 1867, one Z. contracted with the board for publishing the delinquent list of 1868, at a rate below that fixed by the general law. In March, 1868 (before the list was published), said chapter 560 was repealed ; and subsequently the treasurer of said county caused the list for that year to be published by plaintiff. *Held*,

(1). That although said chapter 560 contained no repealing clause, it took Sheboygan county out of the operation of the general statute.

(2). That Z. acquired no rights which were not subject to the power of the legislature to change the method of publication authorized by said chapter 560.

(3). That after the repeal of that act, the treasurer was authorized to enter into the contract with the plaintiff.

APPEAL from the Circuit Court for *Sheboygan* County.

The board of supervisors of said county having rejected plaintiff's claim of a certain sum for printing the delinquent tax list for 1868, furnished him for publication by the treasurer of the county, he brought this action to recover the amount of said claim. The court, upon grounds which will sufficiently appear from the opinion *infra*, found that he was not entitled to recover, and rendered judgment accordingly ; from which the plaintiff appealed.

*Taylor & Maclaren*, for appellant.

*J. H. Jones*, for respondent, to the point that plaintiff had a vested right under his contract, of which he could

not be deprived by the repeal of the statute under which the contract was entered into, cited Const. of Wis. art. 1, sec. 12; *Dash v. Van Kleeck*, 7 Johns. 477; *Butler v. Palmer*, 1 Hill, 324.

COLE, J. The question presented in this case is, whether the plaintiff was entitled to recover from the county the charge for publishing the delinquent tax list of the treasurer of the county for the year 1868. The court found, rather as a conclusion of law than as a matter of fact, that the plaintiff was not authorized by law to publish the delinquent tax list for that year, for the reason that the defendant had an existing, binding contract with one Carl Zillier for publishing the same, under the provisions of ch. 560, Private Laws of 1866. By this law the county board of supervisors of Sheboygan county was authorized to contract for all county printing relating to taxation in that county, at any sum less than that allowed by the general statute. The general statutes (ch. 22, Laws of 1859, and ch. 71, Laws of 1862), confer upon the county treasurer the authority to cause the delinquent list to be published in some newspaper printed in his county, upon or after the first Monday of April next after its return to him, and fix the fees of the printer at twenty-five cents for each lot or tract, for all the insertions. Sec. 55, ch. 22. Chapter 560 contains no repealing clause, but its manifest effect was to take Sheboygan county out of the operation of the general law, so far as the publication of the delinquent tax list was concerned, and devolve the duty of providing for its publication upon the county board. Consequently, Carl Zillier made a proposition to the board to publish the delinquent list for 1868, for five cents a description, and this proposition was accepted by a resolution passed by that body December 4, 1867. But by an act of the legislature (ch. 390, Private Laws of 1868), published March 26, 1868, ch. 560 was repealed, and the duty of

providing for the publication of the delinquent list for Sheboygan county again devolved by the general statute upon the county treasurer, who caused the same to be published by the plaintiff, in his paper, for the time required by law. And in view of these facts, and of this legislation upon the subject, the question arises, Was the county treasurer authorized to direct the publication of the delinquent list by the plaintiff? If he was, it will not be denied that the plaintiff was entitled to recover the amount which he has charged the county for publishing the same.

We are clearly of the opinion that the county treasurer was the only person authorized to direct the publication of the list. The arrangement made by the board with Zillier, in December, 1867, had been superseded by the act of the legislature of 1868, which took effect before the time for publishing the list had arrived. But it is objected that this arrangement between the county and Zillier was in the nature of a contract, for publishing the delinquent list for 1868, and that the legislature had no power to impair the obligation of this contract by repealing the law under which it was made. The proposition, however, that Zillier had such a vested right in the law of 1866, which conferred upon the county board the power to direct the publication of the delinquent list, as to preclude a repeal of that law by the legislature, seems to us quite inadmissible. This matter related to the collection of the public revenue in Sheboygan county, and concerned the policy of the state in regard to taxation in that county. Suppose the legislature had passed a law in January, 1868, that the delinquent list should not be thereafter published at all in any newspaper, but that the notice of the sale of lands should be given in some other way : could not the legislature have so provided, and made the enactment apply to Sheboygan county as well as other counties in the state? It seems to us that it would have been entirely

Pott vs. The Supervisors of Sheboygan County.

competent for the legislature to have passed such a law.
And when Zillier made his proposition to the board for
publishing the list, and it was accepted, he must be
deemed to have acted with reference to the fact that the
matter of publishing the list was within the control of
the legislature, and that the law for publishing the same
might be changed before he would enter upon the per-
formance of the work. Had he entered upon the pub-
lication of the delinquent list according to his propo-
sition, before the repealing act of 1868 took effect, a
different question would have been presented. But he
made the proposition four months before the list was
to be published, well knowing that the publication of
the list was subject to the control and action of the legis-
lature. Considerations of public policy are frequently
demanding changes in the laws for the collection of
taxes ; and while these changes affect more or less
remotely the interests and reasonable expectations of
the citizen, still the power to make very many of them
must be conceded. And this change in the law in
regard to the publication of the delinquent tax list in
Sheboygan county is one of those changes which, we
think, the legislature had the power to make. It saw
fit to intervene, and deprive the county board of all
power over the matter, and provide that the list should
be published under the direction of the county treas-
urer. And as the plaintiff published the list at the
request and by the direction of the treasurer, he is
entitled to recover the fees given him by statute.

*By the Court.*— The judgment of the circuit court is
reversed, and the cause remanded with directions to enter
judgment for the plaintiff.